**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| DENNIS SCHENK, ) | |
| ) | CASE NO. 3:04CV7543 |
| Petitioner, ) | |
| ) | JUDGE BOYKO |
| v. ) | |
| ) | MAGISTRATE JUDGE VECCHIARELLI |
| CHRISTINE MONEY, Warden, ) | |
| ) | **REPORT & RECOMMENDATION** |
| Respondent. | |

Petitioner, Dennis Schenk, ("Schenk"), challenges the constitutionality of his conviction in the case of *State v. Schenk*, Case No. 2000 CR 509. Schenk, *pro se*, filed a Petition for Writ of Habeas Corpus (Doc. No. 1) pursuant to 28 U.S.C. § 2254 on August 27, 2004 with the United States District Court for the Northern District of Ohio. This matter is before the undersigned Magistrate Judge pursuant to Local Rule 72.2. For reasons set forth in detail below, the Magistrate Judge recommends Schenk's petition (Doc. No. 1) be DENIED.

## I. Procedural History

### A. Conviction

The Grand Jury for Erie County returned a six-count indictment charging Schenk with: two counts of rape in violation of Ohio Revised Code ("O.R.C.") § 2907.02(A)(1)(b); one count of sexual battery in violation of O.R.C. § 2907.03(A)(5); two counts of gross sexual imposition in violation of O.R.C. § 2907.05(A)(4); and one count of sexual battery in violation of O.R.C. § 2907.03(A)(5). (Doc. No. 16, Exh. 1.)

On January 10, 2001, Schenk pled guilty to the gross sexual imposition counts and the trial court dismissed the remaining counts. (Doc. No. 16, Exh. 2.) On March 12, 2001, the trial court sentenced Schenk to consecutive prison terms of four years for each count. (Doc. No. 16, Exh. 3.)

### B. Direct Appeal

Schenk did not timely appeal the trial court's judgment and sentence.

### C. Delayed Appeal

On March 1, 2004, Schenk filed a Motion for Leave to File a Delayed Appeal in the Court of Appeals. (Doc. No. 16, Exh. 4.) On March 15, 2004, the Court of Appeals denied Schenk's motion. (Doc. No. 16, Exh. 5.)

On April 14, 2004, Schenk appealed the Court of Appeals' denial of his motion for delayed appeal to the Ohio Supreme Court. (Doc. No. 16, Exh. 6.) On July 14, 2004, the Ohio Supreme Court denied leave to appeal and dismissed Schenk's appeal as not involving any substantial constitutional question. (Doc. No. 16, Exh. 9.)

**D. Federal Habeas Corpus Petition**

On August 27, 2004, Schenk, *pro se*, filed a Petition for Writ of Habeas Corpus, asserting the following ground for relief:

> When a state statute creates a right to appeal a prison sentence imposed contrary to law, due process protections attach, thereby making it incumbent upon the sentencing court to inform of that right, and failure to do so, should not be sanctioned by a reviewing court when a defendant files for a delayed appeal of that sentence, and when it does, the state violates a defendant's rights secured by Article I, Section 16 of the Ohio Constitution, and Section I of the 14th Amendment to the Federal Constitution.

(Doc. No. 1.)

## II. Statute of Limitations

This case is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (April 24, 1996), because Schenk filed his habeas corpus petition after the effective date of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 326-27, 337 (1997). In the AEDPA, Congress enacted a period of limitations for the filing of habeas petitions. The statute provides, in relevant part:

> (d)(1) A one year period of limitations shall apply to the filing of an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action.

3

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> * * *
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(A), (B), (D), (2).

The Sixth Circuit, like the majority of circuits, grants a one year grace period for convictions which became final prior to April 24, 1996 – the effective date of the AEDPA. *Brown v. O'Dea*, 187 F.3d 572, 577 (6th Cir. 1999), *rev'd on other grounds*, 530 U.S. 1257 (2000). Thus, a petitioner whose conviction became final prior to April 24, 1996 would normally have until April 24, 1997 to file his habeas petition. Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled").

In order for a post-conviction petition to toll the limitations period while it is pending in state court, the petition must be "properly filed." *See* 28 U.S.C. § 2244(d)(2). A petition for post-conviction relief is properly filed when it is delivered to and accepted by the appropriate court officer for placement into the official record in compliance with the *applicable laws and rules governing filings*, including the time limits upon its delivery. *See Artuz v. Bennett*, 531 U.S. 4, 8 (2000)(emphasis added). Further, "a state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review

4

'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations." *See Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999).

## A. Application

Respondent asserts that Schenk's petition is time-barred because he did not file it within the one-year limitations period. Since Shenk did not appeal the trial court's judgment and sentence to the Ohio Court of Appeals on direct appeal, his conviction became final on April 11, 2001, or thirty days after the trial court's sentencing entry. *See* Ohio Appellate Rule of Procedure 4(A). Therefore, the limitations period began running on April 12, 2001. Schenk did not file any motions to toll the time over the one-year limitations period. Therefore, the limitations period expired on April 12, 2002.

On March 1, 2004, Schenk filed a Motion for Leave to File a Delayed Appeal in the Court of Appeals. On March 15, 2004, the Court of Appeals denied Schenk's motion. (Doc. No. 16, Exh. 5.) On April 14, 2004, Schenk appealed to the Ohio Supreme Court. (Doc. No. 16, Exh. 6.) On July 14, 2004, the Ohio Supreme Court denied leave to appeal. However, these post-collateral motions and proceedings did not toll the limitations period because such period had expired almost two years before Schenk filed his motion for delayed appeal. *See Webster*, 199 F.3d at 1259. Therefore, Schenk's petition was not filed timely.

## B. Equitable Tolling

Equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable. The Sixth Circuit has held that AEDPA's statute of limitations is subject to the doctrine of equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001) In

5

*Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988), the Court set forth five factors to consider when determining the appropriateness of equitable tolling: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *See Dunlap*, 250 F.3d at 1009 (The Court held "equitable tolling shall only be appropriate, in habeas and all other cases, after a court has properly considered and balanced the [*Andrews*] factors . . . .") The fourth factor, absence of prejudice to the respondent, is only considered once the petitioner has made an adequate showing under the other factors. *Dunlap*, 250 F.3d at 1009. Equitable tolling should only be granted sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). The petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002).

Schenk claims that: (1) the trial court did not inform him of his right to appeal his sentence; (2) he did not have counsel; and (3) the library at the correctional facility where he served time from March 2001 until July 2001 was not easily accessible. After he was transferred to another institution in July 2001, Schenk asserts that it took him time to gain enough confidence and trust to speak to an inmate law clerk about his appeal rights. Schenk's petition shows that he spoke with a law clerk in June 2002. From this time until December 2003, he claims he diligently attempted to purchase his transcripts to see if he had a valid claim.

Schenk's arguments are unavailing. Schenk's guilty plea, which Schenk signed, clearly states, "The Court has further advised me of my right to appeal the plea hearing and sentencing hearing."

6

(Doc. No. 16, Exh. 2.) Even assuming Schenk's assertion that the law library at the facility where he stayed from March 2001 until July 2001 was not easily accessible, he still had almost nine months remaining, *i.e.*, until April 11, 2002, to file his habeas petition. Schenk's contention that he lacked confidence to speak with a law clerk until June 2002 is not an extraordinary circumstance that supports equitable tolling. Further, Schenk's lack of counsel does not warrant equitable tolling. *See Wilson v. Renico*, 2002 U.S. Dist. LEXIS 24632, *9 (E.D. Mich. Dec. 16, 2002) (unpublished) ("The fact that Petitioner is untrained in the law, was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain time does not warrant tolling").

Schenk's habeas petition is time-barred and he has not established that he is entitled to equitable tolling. Accordingly, Schenk's petition should be dismissed.

### III. Conclusion

For the foregoing reasons, the Magistrate Judge recommends Schenk's Petition for Writ of Habeas Corpus (Doc. No. 1) be DENIED.

/s/ Nancy A. Vecchiarelli
U.S. Magistrate Judge

Date: March 29, 2005

### OBJECTIONS

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of this notice. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981).** *See also Thomas v. Arn*, **474 U.S. 140 (1985),** *reh'g denied*, **474 U.S. 1111 (1986).**